IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2006 DEC 18 P 3: 36
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| JONATHAN ELLIS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | CASE NO. 2:06cv1013-WHA |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

### AFFIDAVIT OF STEPHEN R. GLASSROTH RELATING TO CLAIMS OF INEFFECTIVE ASSISTANCE OF COUNSEL

Comes now Stephen R. Glassroth, who being by me first duly sworn, does depose and say as follows:

"My name is Stephen R. Glassroth and I am a duly licensed attorney in good standing with the Alabama Supreme Court and with this Court. I represented the petitioner in the case in which petitioner entered his guilty plea in this court. In this proceeding brought under 28 U.S.C. § 2255, Mr. Ellis has claimed that I provided constitutionally defective representation to him in several respects. I have reviewed the claims asserted by Mr. Ellis in his motion for post conviction relief and those claims, as well as his recollections are mistaken. I will address each of the assertions of ineffective assistance of counsel in the order in which they are presented in the motion.

"Mr. Ellis first claims that I provided ineffective assistance by not combining his multiple pending bank robbery offenses into a single proceeding in this district, thus 'effectively pyramiding multiple sentences against [him].' " *Ellis v. United States*, 2:06cv1013 (M.D. Ala.), Motion to Vacate Sentence (hereinafter "Motion") at ¶ 12

(Ground One). "This contention is without substance and Mr. Ellis fails to accurately recount what actually occurred.

"In addition to the armed bank robbery and use of a firearm during a crime of violence counts which Mr. Ellis faced in this district, he also was the defendant in indictments charging armed bank robberies in other federal districts. Mr. Ellis was charged with armed bank robbery offenses in the Eastern District of Louisiana, the Northern District of Georgia and the Western District of Texas (federally insured credit union). When these additional offenses were disclosed to me by the Assistant United States Attorney representing the government in this district, Ms. A. Clark Morris, I disclosed the existence of these additional charges to Mr. Ellis. He and I discussed the possibility of consolidating all of the cases in this district and disposing of them all by means of Fed. R. Crim. P. 20. Ms. Morris and I explored the possibility of handling all of the cases in this manner and I even spoke with the Assistant United States Attorney in the Eastern District of Louisiana to determine whether he would be amenable to such a disposition of the offenses then pending against Mr. Ellis in that district. Despite the best and good faith efforts on the part of the government and the defense to resolve all of the federal charges then pending against Mr. Ellis, there was a major impediment to handling these cases in such a manner and that impediment would not allow me to advise Mr. Ellis to follow such a course of action. In fact, if I had advised him to follow such a course of action, I believe I would have provided constitutionally ineffective assistance of counsel.

"After a substantial amount of effort was directed at the possibility of disposing of all of Mr. Ellis' pending federal criminal charges by means of Rule 20, and after much discussion and negotiation with Ms. Morris directed at the possibility of accomplishing

that result, we were unable to resolve the provision in the law that treats multiple firearm convictions as subsequent offenses under 18 U.S.C. § 924(c)(1)(C)." I examined *United States v. Deal*, 508 U.S. 129 (1993), *United States v. Casiano*, 113 F.3d 420 (3d Cir.) cert. denied, 522 U.S. 887 (1997), and *United States v. Andrews*, 75 F.3d 552 (9th Cir.), cert. denied, 517 U.S. 1239 (1996), among other cases and satisfied myself that this was the state of the law at that time. This provision has the effect of vastly enhancing the punishment for second and subsequent offenses since, pursuant to 18 U.S.C. § 924(c)(1)(D), the sentences are to be imposed to run consecutively to any other sentence imposed. If Mr. Ellis had gone ahead with entering guilty pleas under Rule 20 for all of the other pending offenses from each district (which all contained offenses under § 924(c)), the sentences for the gun offenses under § 924(c) alone would have exceeded 100 years. I could not allow Mr. Ellis to do that given the state of the evidence, as I understood it, with respect to the other districts and I explained all of this to Mr. Ellis. He concurred in my judgment and did not wish to enter guilty pleas to chareges that would result in him effectively being incarcerated for his entire life.

"This district was the only one in which Mr. Ellis was apprehended after one of his armed bank robberies; he had eluded capture from the all of the other armed bank (or credit union) robberies. Following his capture by local law enforcement officers, Mr. Ellis freely gave them a full and voluntary statement, which was video recorded, in which he confessed to the armed robbery of the Colonial Bank branch at 671 South Perry Street in Montgomery, and the use of the firearm in the course of that robbery, the offenses for which he entered his guilty plea. In viewing the video recorded confession, Mr. Ellis agreed that it would be futile to proceed to trial in this district and that he would seek to

plea agreement and of the consequences of entering his guilty plea, specifically advising him that the was no guarantee that he would receive a specific sentence and that if he did not like the sentence imposed he would be unable to withdraw the guilty plea. If I am not mistaken, the Court advised him of the same thing during the plea colloquy, however, I am not positive of that fact. In any event, the transcript of the plea will disclose what was said to Mr. Ellis by the Court. I went over each of the provisions of the written plea agreement with Mr. Ellis before we appeared for the change of plea before the Court.

"Mr. Ellis also claims in Ground Two that I failed to object to the sentence and failed to file a notice of appeal. Objections on behalf to Mr. Ellis were interposed at sentencing, however, the Court overruled those objections. In addition, the plea agreement into which Mr. Ellis entered contained a waiver of appeal and waiver of collateral attack provision (except for allegations of ineffective assistance of counsel or prosecutorial misconduct). If Mr. Ellis had directed that a notice of appeal be filed, and he did not, I would have filed it for him and then been compelled to seek withdrawal as counsel for him since I had negotiated the plea agreement on his behalf and advised Mr. Ellis to enter into it with full knowledge of its contents.

"Mr. Ellis set forth two claims of ineffective assistance. In ground three he complains that he did not get the benefit of the third level for acceptance of responsibility. While not framed as an ineffective assistance claim, Mr. Ellis does criticize me for failing to object to his not receiving the additional level for acceptance and for not filing a notice of appeal. The plea agreement provided for only the two-level reduction since his change of plea came close to the date set for trial and the government rejected my efforts to obtain the additional level for acceptance of responsibility. With

minimize the 'damage' he was facing by entering his guilty plea. He believed it to be in his best interest to do so and he decided that he would proceed to trial on the cases in the other districts since he felt at the time we were discussing his options that there was scant evidence to link him to the crimes with which he had been charged in the other districts and certainly no videotaped confessions, as there was in this district. Far from neglecting my responsibilities and the duty of fidelity owed to Mr. Ellis, I scrupulously adhered to my duty to advise him of courses of action and behavior which I believed to be in his best interest. At no time after advising Mr. Ellis of the sentencing scheme contained in § 924(c) did he direct me to continue to follow the course of seeking to use Rule 20 to dispose of all of the pending charges.

"The next claim Mr. Ellis asserts is that I 'misinformed [him] with respect to his 'Plea Agreement.' He claims that I gave him a guarantee 'that if [he] signed the Plea Agreement [he] would recieve (sic) a (5) year sentence for this offense and if the Court went beyond the (5) years [he] would be given the chance to withdraw the plea.' *Ellis v. United States*, Motion at ¶ (Ground Two). Mr. Ellis' recollection of precisely what occurred with respect to the plea agreement is incorrect.

"Up until the eleventh hour, Mr. Ellis had wished to exercise his right to proceed to trial. When Me. Ellis changed his mind and decided to exercise his right to enter his plea of guilty, the time for entering pleas pursuant to Fed. R. Crim. P. 11(c)(1)(C), as established by the Court, had passed. I informed Mr. Ellis of this fact in advance of his entering into the plea agreement and told him that the plea would be entered into under Rule 11(c)(1)(B) and he chose to go forward with entering into the plea agreement and entering his guilty plea in this Court. I advised Mr. Ellis of all of the provisions of the

respect to filing a notice of appeal, Mr. Ellis never directed that one be filed and the plea agreement barred him from pursuing an appeal, except in limited circumstances, neither of which was present in this case.

"I am sympathetic to the plight that is faced by Mr. Ellis. Despite my sympathy, I cannot agree that any aspect of my representation of him was anything other than zealous and professional, the manner in which I approach representation of all clients. I do not believe that my professional judgments exercised in the course of representing Mr. Ellis, advice given to him in the course of that representation, or actions taken on his behalf were anything other than appropriate under the facts and circumstances."

s/Stephen R. Glassroth
STEPHEN R. GLASSROTH
AL Bar Code: GLA005
The Glassroth Law Firm, P.C.
Post Office Box 910
Montgomery, Alabama 36101-0910
Phone (334) 263-9900
Fax (334) 263-9940
E-mail srg@glassrothlaw.com

The above affidavit of Stephen R. Glassroth was sworn to and subscribed before me this the 18th day of December, 2006.

NOTARY PUBLIC
My commission expires: 5-14-07

## CERTIFICATE OF SERVICE

I hereby certify that on December 18, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record in this matter. Mr. Ellis was served by United States Mail, postage prepaid and properly addressed to him as follows:

>Mr. Jonathan Ellis
>Prisoner No. 11459-002
>Atlanta City Detention Center
>254 Peachtree Street
>Atlanta, Georgia 30303

>s/Stephen R. Glassroth
>STEPHEN R. GLASSROTH
>AL Bar Code: GLA005
>The Glassroth Law Firm, P.C.
>Post Office Box 910
>Montgomery, Alabama 36101-0910
>Phone (334) 263-9900
>Fax (334) 263-9940
>E-mail srg@glassrothlaw.com