IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JONATHAN ELLIS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v.   ) | Civil Action No. 2:06cv1013-WHA |
| ) | (WO) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM OPINION AND ORDER**

This case is before the court on the Recommendation of the Magistrate Judge (Doc. # 66), filed on July 22, 2009, and Petitioner's Objections (Doc # 72), filed on September 20, 2009. This case concerns Petitioner's 28 U.S.C. § 2255 motion seeking habeas corpus relief.

Having conducted an independent evaluation and *de novo* review of this case in its entirety, the court has carefully considered the Magistrate Judge's Recommendation, all of the arguments advanced by the Petitioner as objections to those recommendations, and the transcript (Doc. # 67) of the evidentiary hearing held before the Magistrate Judge on June 30, 2009. The court finds no reason to question the findings of the Magistrate Judge upon which the legal conclusions are based or to order a new evidentiary hearing to take additional evidence. *See United States v. Cofield*, 272 F.3d 1303, 1305 (11th Cir. 2001) ("[A] district court is not required to rehear witness testimony when accepting a magistrate judge's credibility findings."); *United States v. Veteto*, 701 F.2d 136, 140 (11th Cir. 1983) ("If the district court concurs with the magistrate's recommendation, it need not hold another evidentiary hearing, even where the credibility of certain witnesses might be an important factor in making the determination.").

Accordingly, the court agrees with the Magistrate Judge's Recommendation that habeas corpus relief is due to be DENIED.

In his Objections, Ellis chiefly argues that his trial counsel, Stephen R. Glassroth ("Glassroth"), was ineffective because he failed to consult with Ellis regarding an appeal of his sentence. The court, after independently considering the testimony of Glassroth at the evidentiary hearing, agrees with the Magistrate Judge's reasoned conclusions regarding Mr. Glassroth's credibility, and finds that the totality of the evidence shows that Mr. Glassroth fully advised Petitioner of his appeal rights and the effect of the waiver provision in the plea agreement, and that Petitioner did not instruct Glassroth to file an appeal or otherwise indicate an interest in appealing his case. Thus, the court agrees with the Magistrate Judge's legal conclusion that Petitioner did not demonstrate that Mr. Glassroth rendered ineffective assistance of counsel by failing to file an appeal on Petitioner's behalf.

Ellis next claims that his counsel was ineffective for failing to request an additional one-level sentence reduction for Petitioner's full acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(b). The record does not support Petitioner's conclusory assertion that he was entitled to the additional sentence reduction; Mr. Glassroth, in an affidavit filed with the Magistrate Judge prior to the evidentiary hearing, explained that the plea agreement provided for only the two-level reduction since Ellis's change of plea came close to the date set for trial, and the government objected to any additional reduction pursuant to § 3E1.1(b) (Doc. # 9, p. 4-5). Thus, Ellis's ineffective assistance claim based on counsel's alleged failure to pursue an additional reduction in sentencing is without merit.

Ellis next asserts that Glassroth was ineffective for inducing him to plead guilty by

2

guaranteeing Ellis that he would receive a five-year sentence for the firearm offense if he signed the plea agreement, and by allegedly misadvising Ellis that he would be given a chance to withdraw his plea if the district court went beyond the five years at sentencing.  The Magistrate Judge, however, specifically credited Glassroth's testimony on the issue and found Ellis's testimony at the evidentiary hearing not to be credible.  This court agrees with this credibility determination.  For the reasons stated in the Magistrate Judge's Recommendation, the court finds Ellis's ineffective assistance claim based on trial counsel's alleged misrepresentations to be without merit.

Ellis argues that Glassroth provided ineffective assistance by failing to consider using Federal Rule of Criminal Procedure 20 to consolidate Petitioner's multiple bank robbery cases pending in other federal district courts into a single proceeding in this district.  The court agrees with the Magistrate Judge that the record shows that Glassroth pursued this issue in consultation with Ellis, but Glassroth reasonably decided against the consolidation because the government would not agree to drop the gun charges associated with Eillis's many alleged bank robberies in other jurisdictions (Doc. #9, p. 2-5).  Consequently, consolidation would have ensured that Ellis received a sentence of around 100 years' imprisonment.  Ellis fails to show deficient performance regarding this issue.  In addition, Ellis fails to show the likelihood that he would have received a more favorable sentence had Glassroth consolidated the multiple bank robbery cases.  Ellis therefore is not entitled to any relief based on this claim of ineffective assistance of counsel.

Petitioner contends that his counsel was ineffective because he failed to challenge the district court's imposition of a two-level sentence enhancement pursuant to U.S.S.G. § 3C1.2 for

endangerment and flight.  The court finds this objection to be without merit.  As the Report and Recommendation indicates, "Ellis engaged police in a car chase spanning three counties on a well-traveled interstate roadway that resulted in a police officer's being accidentally shot while trying to stop his vehicle." (Doc. #66, p. 25).  The § 3C1.2 enhancement at sentencing was appropriate.  Ellis's counsel therefore cannot be ineffective for failing to pursue the issue more vigorously at sentencing or on appeal.  *See United States v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992) ("[A] lawyer's failure to preserve a meritless issue plainly cannot prejudice a client.") (citing *Strickland v. Washington*, 466 U.S. 668, 692-93 (1984)).

      Finally, Ellis argues that his counsel was ineffective for failing to pursue the argument that his multiple convictions violate the Fifth Amendment protection against double jeopardy.  In particular, Ellis claims that his consecutive sentences for armed bank robbery under 18 U.S.C. § 2113(a) and (d), and the use of a firearm in commission of that bank robbery under 18 U.S.C. § 924(c)(1), amount to multiple punishments based on a single course of conduct, and violate the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution.  The court agrees with the Magistrate Judge that the plain language of § 924(c)(1) clearly evinces congressional intent that any defendant using a dangerous weapon in connection with a violent crime must be sentenced additionally and consecutively to the sentence imposed for the predicate violent crime.  Therefore, Petitioner's assertion that his counsel was ineffective for failing to pursue a defense based on the Double Jeopardy Clause is without merit.

## Conclusion

    Accordingly, it is hereby ORDERED as follows:

    1.  The Magistrate Judge's Recommendation is ADOPTED and the Objection (Doc. # 72)

to that Recommendation is OVERRULED.

    2. The Petition for habeas corpus relief is DENIED.

    A separate Judgment will be entered in accordance with this Memorandum Opinion and Order.

Done this 8th day of October, 2009.

                                        /s/ W. Harold Albritton  
                                        W. HAROLD ALBRITTON  
                                        SENIOR UNITED STATES DISTRICT JUDGE